IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
June 9, 2009 Session

## EAST RIDGE DENTAL CENTER, INC., and DREW SHABO, DDS., v. JOSEPH D. PRINCE, DDS.

**Direct Appeal from the Circuit Court for Hamilton County**
**No. 07C372      Hon. W. Jeffrey Hollingsworth, Circuit Judge**

---

**No. E2008-02327-COA-R3-CV  - FILED JULY 28, 2009**

---

Plaintiffs sued the defendant, alleging breach by defendant of the contract with defendant to purchase his dental practice. Included in the agreement was a restrictive covenant not to compete. Following an evidentiary hearing, the Trial Court held that the $75,000.00 that was paid for the restrictive covenant should be returned to the plaintiffs under the theory of unjust enrichment, because the covenant was not enforceable. On appeal, we hold that defendant abided by the terms of the restrictive covenant for five of the seven years that the covenant covered and, as a matter of equity, the Judgment of the Trial Court should be reduced proportionately.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed, as Modified.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., J., and JOHN W. McCLARTY, J., joined.

John P. Konvalinka and Thomas M. Gautreaux, Chattanooga, Tennessee, for appellant, Joseph D. Prince, DDS.

L. Blair Bennington, Chattanooga, Tennessee, and James F. Logan, Jr., Cleveland, Tennessee, for appellees, East Ridge Dental Center, Inc., and Drew Shabo, DDS.

**OPINION**

Plaintiffs, East Ridge Dental Center, Inc., and Drew Shabo, DDS, filed a Complaint against Joseph Prince, DDS, alleging that plaintiffs and Prince entered into an Agreement of Purchase and Sale on March 15, 2002, which was breached by Prince. Plaintiffs alleged they

purchased Prince's dental practice and all the assets for $390,000.00, and that $75,000.00 of that was allocated to a restrictive covenant, and $129,254.00 was allocated to "good will". Further, that they entered into an employment agreement with Prince, whereby Prince would be an employee of the practice and agreed not to compete with the practice, but Prince began soliciting clients to come to a new practice that Prince was going to open, and that Prince took confidential patient information with him when he left, and used this to solicit business for his new practice. They conclude that Prince was guilty of intentional interference with business relationships, breach of contract, breach of fiduciary duty, and unjust enrichment, and sought damages and injunctive relief.

Prince answered and denied all liability, and pled the affirmative defenses of statute of limitations, statute of repose, and estoppel. In his Counterclaim he alleged that plaintiffs owed him $1,847.20 for services rendered during his employment, and that the covenant not to compete relied upon by plaintiffs was in violation of public policy.

A trial was held on April 22 and 23, 2008, and Shabo and Prince testified at trial.

Following the trial, the Trial Court issued a Memorandum Opinion, and dismissed plaintiffs' claim of intentional interference with business relationships, and found that some of Prince's clients asked him where he would be going when he left his employment with plaintiffs, and that Prince simply replied that he did not know, but that he would tell them when the location was determined. The Court found that Prince did not initiate these conversations, and that plaintiffs failed to prove that Prince acted with any improper motive, or that he caused them any harm.

The Court also dismissed plaintiffs' claim of breach of the employment agreement, and found that Prince agreed to provide services for a term of five years, and that he did so, but found that Prince did not comply with the non-compete provisions of the agreement because he did go to work for another practice shortly after leaving employment with plaintiffs. The Court found that the non-compete was unenforceable, however, pursuant to *Murfreesboro Medical Clinic, PA v. Udom*, 166 S.W.3d 674 (Tenn. 2005), and Prince could not be held liable for violating the same.

Regarding the claim of unjust enrichment, the Court found that plaintiffs paid $75,000.00 for the non-compete that was held to be unenforceable, and thus plaintiffs should be awarded a judgment for that amount because it would be unjust to allow Prince to retain those funds. The Court found that Prince was owed $1,857.00 on his Counterclaim for services rendered, but dismissed his other claims. The Court held that Prince should be given an award of attorneys fees relative to his Counterclaim for services rendered, and Prince then filed a Notice of Appeal.

The issues on appeal are:

1.      Whether the Trial Court erred in granting plaintiffs' claim for unjust enrichment?

2.      Whether the Trial Court erred in calculating the amount of damages awarded

to plaintiffs for unjust enrichment?

Prince argues that the evidence did not support a finding that he would be unjustly enriched absent the imposition of a quasi contractual obligation. Prince asserts that there was no showing that he received an unfair benefit by virtue of the money allocated to the non-compete which was ultimately held to be unenforceable.

The parties agree that to show unjust enrichment, one must show that there was a benefit conferred upon the defendant by the plaintiff, that the defendant appreciated such benefit, and that there was "acceptance of such benefit under such circumstances that it would be inequitable for him to retain the benefit without payment of the value thereof." *Freeman Indus., LLC v. Eastman Chemical Co.*, 172 S.W.3d 512 (Tenn. 2005).

In this case, it is not disputed that $75,000.00 of the purchase price was allocated to the non-compete provision, and that the language of the non-compete unambiguously provides that it would last for a term of five years from the date of transfer, or two years from the date that the employment agreement is terminated, whichever is later. There is no evidence that Prince violated the non-compete within the five years of his employment, but Prince admitted, however, that he did go to work for a competing practice upon leaving employment with plaintiffs, and this was within the two year period following termination of the agreement.

The Trial Court held that plaintiffs should be repaid the $75,000.00 they paid for the non-compete provision, since it was ultimately held to be unenforceable and they did not receive the benefit of the bargain. The evidence establishes, however, that plaintiffs did not receive the full benefit of the non-compete agreement. However, they did receive the benefit of the same for five years during Prince's employment with them, as the proof was undisputed that he operated pursuant to the non-compete during that time frame. Accordingly, the only loss of benefit to plaintiffs was for the two year period following Prince's termination. Since "the doctrine of unjust enrichment is essentially equitable", it is inequitable to award plaintiffs the entire amount allocated to the covenant. *See,* 1st. Tenn. Jur. Contracts §98, §103 (205). We hold that it would be equitable to award plaintiffs 2/7ths of the $75,000.00 awarded, or $21,428.55, since plaintiffs received 5/7ths of the benefit they paid for.

Finally, Prince argues that plaintiffs should have been denied any recovery due to their own unclean hands, i.e. there was proof that Shabo failed to adequately staff the office where Prince worked, that there were problems with paychecks/tax records, and that he created morale problems. As we have previously held, whether to apply the unclean hands defense is an issue which is essentially within the trial court's discretion. *See In re Estate of Boote*, 265 S.W.3d 402 (Tenn. Ct. App. 2007). Moreover, the conduct complained of must "relate to the particular transaction which is the subject of the litigation." *JGT Corporation v. Andrews et al.*, 2000 WL 546347 (Tenn. Ct. App. May 5, 2000)(quoting Gibson's Suits in Chancery, §42, "operation of the maxim is confined to misconduct connected with the particular matter in litigation; and does not extend to any misconduct, however gross, which is unconnected therewith".) In this case, the plaintiffs'

misconduct would need to be related to the formation of the agreement itself, and not just general misconduct that occurred after the agreement was signed.

We hold the Trial Court did not err in failing to apply the unclean hands doctrine as a defense to this action.

We affirm the Trial Court's Judgment, as modified, and remand with the cost of the appeal assessed in our discretion, one-half to the East Ridge Dental Center, Inc., and one-half to Joseph D. Prince, DDS.

_____
HERSCHEL PICKENS FRANKS, P.J.